IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MONSANTO COMPANY,                )
                                 )
            Plaintiff,           )
                                 )
    v.                           )      1:10CV898
                                 )
ARE-108 ALEXANDER ROAD, LLC,     )
                                 )
            Defendant.           )

**ORDER**

This matter is before this court for review of the Memorandum Opinion and Recommendation ("Recommendation") filed on March 25, 2013, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 52.) In the Recommendation, the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment (Doc. 20) be granted and that (1) judgment be entered declaring that: (a) Plaintiff has no obligation to pay Base Rent during the two Term Extensions under the Lease; (b) Plaintiff is not in default for failing to pay such Base Rent; (c) Defendant is not entitled to take any adverse action against Plaintiff for any failure to pay such Base Rent; and (d) Plaintiff is entitled to the return of all Base Rent, late fees, and interest paid under protest to Defendant; (2) judgment be entered awarding monetary damages for all amounts of Base Rent and related

charges paid under protest by Plaintiff to Defendant in connection with the Lease, plus prejudgment interest on the amount of that award; and (3) judgment be entered awarding Plaintiff its attorneys' fees and costs pursuant to Section 44(k) of the Lease as permitted by N.C. Gen. Stat. § 6-21.2(2). The Recommendation was served on the parties to this action on March 25, 2013. (Doc. 53.) Counsel for Defendant filed timely objections (Doc. 54) to the Recommendation and Counsel for Plaintiff responded to Defendant's objections (Doc. 55).

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

Based on this court's adoption of the Magistrate Judge's Recommendation, Plaintiff is entitled to an award of attorneys'

- 2 -

Case 1:10-cv-00898-WO-LPA   Document 59   Filed 06/27/13   Page 2 of 5

fees pursuant to Section 44(k) of the Lease as permitted by N.C. Gen. Stat. § 6-21.2(2). Neither party objected to this finding by the Magistrate Judge. However, before this court enters a specific award of attorneys' fees, the parties will be required to address several issues related to N.C. Gen. Stat. § 6-21.2(2) and its application to the instant case. Those issues are as follows:

    1. Whether that statute mandates an award of 15% of the "outstanding balance" as attorneys' fees or whether it merely serves as a cap on such fees. Compare Bombardier Capital, Inc. v. Lake Hickory Watercraft, Inc., 178 N.C. App. 535, 632 S.E.2d 192 (2006) (finding that the trial court did not abuse its discretion by awarding less than 15% of the award as attorneys' fees), with Devereux Props., Inc. v. BBM & W, Inc., 114 N.C. App. 621, 442 S.E.2d 555 (1994) (holding that the trial court erred by awarding less than 15% of the outstanding balance as attorneys' fees) and RC Assocs. v. Regency Ventures, Inc., 111 N.C. App. 367, 373, 432 S.E.2d 394, 397 (1993) ("[S]ubdivision (2) has predetermined that 15% is a reasonable amount in our case."). The Recommendation left this issue unresolved. (See Doc. 52 at 11 n.5 (an award of attorneys' fees would be authorized "at least up to 15% of the outstanding balance").)

- 3 -

2. The amount of the "outstanding balance" (see N.C. Gen. Stat. § 6-21.2(2)) in this case, that is, whether the outstanding balance is the amount of base rent and related charges paid under protest by Plaintiff or some other amount.

The parties should file briefs addressing these issues with citation to legal authority where appropriate. The parties may either file a joint brief for those matters upon which they agree or, if more appropriate, file their own briefs in support of their respective positions. Plaintiff's counsel should also submit evidence, including an affidavit and/or billing statement, in support of a fee award.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 52) is **ADOPTED. IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 20) is **GRANTED** and that (1) judgment will be entered declaring that: (a) Plaintiff has no obligation to pay Base Rent during the two Term Extensions under the Lease; (b) Plaintiff is not in default for failing to pay such Base Rent; (c) Defendant is not entitled to take any adverse action against Plaintiff for any failure to pay such Base Rent; and (d) Plaintiff is entitled to the return of all Base Rent, late fees, and interest paid under protest to Defendant; (2) judgment will be entered awarding monetary damages for all amounts of Base Rent and related charges paid

under protest by Plaintiff to Defendant in connection with the Lease, plus prejudgment interest on the amount of that award; and (3) judgment will be entered awarding Plaintiff its attorneys' fees and costs pursuant to Section 44(k) of the Lease as permitted by N.C. Gen. Stat. § 6-21.2(2).

**IT IS FURTHER ORDERED** that the parties shall submit briefs and any evidence in support of a fee award as more fully described herein on or before August 1, 2013, unless otherwise ordered by this court. No responsive briefs will be permitted unless otherwise ordered.

This the 27th day of June, 2013.

/s/ William L. Osteen, Jr.
United States District Judge

- 5 -

Case 1:10-cv-00898-WO-LPA   Document 59   Filed 06/27/13   Page 5 of 5