IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| MONSANTO COMPANY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) 1:10CV898 |
| ARE-108 ALEXANDER ROAD, LLC, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before the court is a dispute concerning whether N.C. Gen. Stat. § 6-21.2(2) mandates an attorneys' fees award of exactly fifteen percent of the "outstanding balance" or whether it serves as a cap on such fees. The parties also dispute the definition and application of the term "outstanding balance," as such term is used in N.C. Gen. Stat. § 6-21.2. This court previously adopted the recommendation of the Magistrate Judge as to all issues (see Doc. 59). This court then requested additional briefing as to two issues related to attorneys' fees, and those briefs have been submitted as directed. This matter is now ripe for resolution, and, for the reasons that follow, this court finds that an award of attorneys' fees would be inappropriate in the present case.

In summary, this court finds that there is no "outstanding balance" due pursuant to the terms of the lease agreement. Further, the present dispute falls outside those creditor-debtor relationships captured by the statutory language of N.C. Gen. Stat. § 6-21.2. Rather, this court finds that the recovery of lease overpayments in this case, while proper, is more accurately characterized as arising from a collateral procedural agreement. That collateral agreement did not contain its own provision for payment of attorneys' fees, and, therefore, such fees are inapposite in the present case.

I. **<u>PROCEDURAL HISTORY</u>**

In its Complaint, Plaintiff requested "[a]n award of its attorneys' fees and costs pursuant to Section 44(k) of the Phase 1B Lease ("Section 44(k)") and as otherwise permitted by law." (Complaint ("Compl.") (Doc. 1) at 12.) In its motion for summary judgment, Plaintiff contended it was entitled to an award of attorneys' fees and costs in light of the agreement, citing N.C. Gen. Stat. § 6-21.2. (Pl.'s Mem. of Law in Supp. of Mot. for Summ. J. (Doc. 21) at 20-21.) The Magistrate Judge agreed, finding both that Defendant had not responded to this portion of Plaintiff's motion and that the lease constituted "'evidence of indebtedness' under N.C. Gen. Stat. § 6-21.2 such that attorney's fees would be authorized at least up to 15% of

the outstanding balance on the lease." (Mem. Op. & Recommendation ("Recommendation") (Doc. 52) at 11 n.5.) Defendant filed objections to the recommendation. (Doc. 54.) Although Defendant did not specifically object to this finding as to attorneys' fees, Defendant did object to the entry of summary judgment, contending that the motion was premature until such time as discovery was permitted and conducted. In the absence of a response to Plaintiff's original argument and the Magistrate Judge's finding that the attorneys' fees provision of Section 44(k) was applicable, this court finds such matter established for purposes of this litigation. As noted in this court's order adopting the recommendation, "Plaintiff is entitled to an award of attorneys' fees pursuant to Section 44(k) of the Lease as permitted by N.C. Gen. Stat. § 6-21.2(2)." (Doc. 59 at 2-3.)

However, what may be permitted or required by N.C. Gen. Stat. § 6-21.2(2) presents a complex issue on the facts of this case. As indicated by this court's order, two outstanding questions remain: (1) whether the term "outstanding balance" referenced in N.C. Gen. Stat. § 6-21.2(2) is applicable to the present matter and (2) whether the 15% referred to in the statute serves as a mandate or a cap on reasonable attorneys'

fees.  These issues have been addressed by the supplemental briefing filed by the parties.

**II. FACTS**

The facts are fully set out in the Magistrate Judge's thorough Recommendation.  (See Recommendation (Doc. 52).)  Those facts are adopted and will not be repeated in full here. Plaintiff filed this action seeking a declaratory judgment as to the legal effect of certain terms of its lease agreement with Defendant.  Those disputed terms dealt with the amount owed as lease payments during two term extensions provided for by the lease and exercised by Plaintiff.  Plaintiff alleged in its First Claim for Relief, and this court subsequently found, that Plaintiff "would not be obligated to pay Base Rent during either of the two five-year Term Extensions beginning November 1, 2010, and November 1, 2015, respectfully."  (See Compl. (Doc. 1) ¶ 32.)  Thus, this court's findings resulted in a declaration that Plaintiff does not owe a Base Rent for the two five-year terms as Defendant contended.

The remaining issues for determination arise as a result of the attorneys' fees provision contained in the lease agreement. Section 44(k) of the lease provides, in relevant part, as follows:

>       (k) Attorneys Fees.  If either Landlord or Tenant
> reasonably seeks legal services with respect to the
> proper interpretation or enforcement of this Lease,
> the party receiving substantially the result it sought
> or defended (the "Prevailing Party"), whether by
> award, judgment, stipulation, settlement, workout,
> default or otherwise . . . shall be entitled to
> recover from the adverse party all reasonable fees and
> costs incurred by the Prevailing Party in connection
> with such legal services ("Legal Fees").

(Joint Mot. to File Contractual Documents under Seal, Ex. 1, Lease Agreement (Doc. 47-1) at 41.)[1]

Plaintiff argues that its payment of rent amounts demanded by Defendant during the pendency of this litigation creates an "outstanding balance" necessary for the determination of attorneys' fees.  In support of the motion for summary judgment, Plaintiff filed the affidavit of Janice Edwards, who stated that Plaintiff had made over $190,000 in "payments of Base Rent and related costs to [Defendant] under protest under the Phase 1B Lease . . . ." (Declaration of Janice Edwards ("Edwards Decl.") (Doc. 22) ¶ 5.)

Plaintiff's Complaint further alleged that:

> Based on [Defendant's] improper demands and
> threats of legal action, Monsanto has paid ARE-108
> Base Rent in amounts that ARE-108 claims are owing
> under the Phase 1B Lease.  All such payments made
> after November 1, 2010 are expressly made under

---

[1] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

> protest, with a reservation of rights by Monsanto, and such monthly payments will continue under protest until this case is resolved.

(Compl. (Doc. 1) ¶ 38.)

The first payment under protest was made on November 15, 2010. (Edwards Decl. (Doc. 22) ¶ 5.) The Complaint was filed on November 19, 2010.

Attached to the Complaint as Exhibit 5 (Doc. 1-5) is a letter prepared and sent on behalf of Plaintiff to Defendant. In that letter, counsel outlines the conditions of the payments under protest. Specifically, the letter notified Defendant that all of the contested payments were made under protest, that Plaintiff reserved the right to be refunded all of the contested payments, and that Plaintiff reserved all rights under the lease to recover interest on the contested payments as well as attorneys' fees. (Compl., Ex. 5 (Doc. 1-5) at 3.)

## III. **ANALYSIS**

As found in the Recommendation and adopted by this court, North Carolina law governs interpretation of the lease agreement. (See Recommendation (Doc. 52) at 6 n.3.) Under North Carolina law, an award of attorneys' fees requires statutory authorization, even if a contractual provision otherwise applies.

> As was stated by Chief Judge (now Justice) Brock in <u>Supply, Inc. v. Allen</u>, 30 N.C. App. 272, 276, 227 S.E.2d 120, 123 (1976), "[t]he jurisprudence of North Carolina traditionally has frowned upon contractual obligations for attorney's fees as part of the costs of an action." Certainly in the absence of any contractual agreement allocating the costs of future litigation, it is well established that the non-allowance of counsel fees has prevailed as the policy of this state at least since 1879. See <u>Trust Co. v. Schneider</u>, 235 N.C. 446, 70 S.E. 2d 578 (1952); <u>Parker v. Realty Co.</u>, 195 N.C. 644, 143 S.E. 254 (1928). Thus the general rule has long obtained that a successful litigant may not recover attorneys' fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute. <u>Hicks v. Albertson</u>, 284 N.C. 236, 200 S.E. 2d 40 (1972). Even in the face of a carefully drafted contractual provision indemnifying a party for such attorneys' fees as may be necessitated by a successful action on the contract itself, our courts have consistently refused to sustain such an award absent statutory authority therefor. <u>Howell v. Roberson</u>, 197 N.C. 572, 150 S.E. 32 (1929); <u>Tinsley v. Hoskins</u>, 111 N.C. 340, 16 S.E. 325 (1892).

<u>Stillwell Enters., Inc. v. Interstate Equip. Co.</u>, 300 N.C. 286, 294-95, 266 S.E.2d 812, 814-15 (1980).

Plaintiff contends it meets both the statutory and contractual requirements for an award of attorneys' fees. Specifically, Plaintiff argues N.C. Gen. Stat. § 6-21.2 provides the statutory authorization and Section 44(k) of the lease satisfies the contractual mandate for awarding attorneys' fees to the "Prevailing Party." This court disagrees with both of Plaintiff's conclusions. Each is addressed in turn below.

- 7 -

### A. <u>Statutory Authorization - Scope</u>

North Carolina Gen. Stat. § 6-21.2 does not, by its terms, apply to the recovery of lease payments made under protest and ultimately remitted after judgment as occurred in this case. The introductory paragraph of Section 6-21.2 states:

> Obligations to pay attorneys' fees upon any note . . . or other evidence of indebtedness . . . shall be valid and enforceable, and collectible as part of such debt, if such note . . . or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions . . .

N.C. Gen. Stat. § 6-21.2.

Parsing the language of Section 6-21.2, North Carolina courts have determined the statute "allows (1) the party owed the debt (2) to recover attorney's fees (3) after the debt has matured (4) provided it is written in the note, conditional sale contract, or other evidence of indebtedness." E.g., <u>Lee Cycle Ctr., Inc. v. Wilson Cycle Ctr., Inc.</u>, 143 N.C. App. 1, 12, 545 S.E.2d 745, 752, <u>aff'd,</u> 354 N.C. 565, 556 S.E.2d 293 (2001). Here, although the lease agreement is an "evidence of indebtedness," Plaintiff's claim for attorneys' fees fails as Plaintiff is not the "party owed the debt," the debt in the present case has not "matured," nor is this particular debt written in the note.

Under North Carolina law, a lease agreement for real property is "evidence of indebtedness" for purposes of N.C. Gen. Stat. § 6-21.2. In Stillwell, the N.C. Supreme Court held that a lease agreement is "obviously an 'evidence of indebtedness.'" 300 N.C. at 294, 266 S.E.2d at 818. As the Stillwell court explained, "[t]he [leasing] contract acknowledges a legally enforceable obligation by plaintiff-lessee to remit rental payments to defendant-lessor as they become due, in exchange for the use of the property which is the subject of the lease." Id. Based on this contractual relationship, the court concluded that there was "no reason why the obligation by plaintiff to pay attorneys' fees incurred by defendant upon collection of the debts arising from the contract itself should not be enforced to the extent allowed by G.S. 6-21.2." Id. at 294-95, 266 S.E.2d at 818.

Although Stillwell addressed a lease of personal property, the North Carolina Court of Appeals has applied the reasoning of Stillwell to find that a lease of real property is "evidence of indebtedness" under N.C. Gen. Stat. § 6-21.2. See WRI/Raleigh, L.P. v. Shaikh, 183 N.C. App. 249, 258, 644 S.E.2d 245, 250 (2007). This court agrees with the Shaikh analysis, and finds that N.C. Gen. Stat. § 6-21.2 applies to a lease of real property.

While the lease here is a debt instrument as contemplated by N.C. Gen. Stat. § 6-21.2, Plaintiff, as a lessee/debtor, falls outside the scope of the statute. As noted above, Section 6-21.2, "allows . . . the party owed the debt" to obtain attorneys' fees for having to resort to collection via judicial action. Lee Cycle, 143 N.C. App. at 12, 545 S.E.2d at 752. The statute's introductory paragraph provides that "[o]bligations to pay attorneys' fees upon any . . . evidence of indebtedness . . . shall be valid and enforceable, <u>and collectible as part of such debt</u> . . . ." N.C. Gen. Stat. § 6-21.2 (emphasis added); see id. § 6-21.2(2) ("If such . . . evidence of indebtedness provides for the payment of reasonable attorneys' fees <u>by the debtor</u>, . . ." (emphasis added).) On these facts, Plaintiff, as a debtor, is not collecting on indebtedness under the lease as contemplated by the statute. Multiple court decisions have confirmed this interpretation of Section 6-21.2's plain language. See Lee Cycle, 143 N.C. App. at 12, 545 S.E.2d at 752 ("[T]he parties owed the debt, Defendants, are not seeking to recover attorney's fees . . . . Accordingly, section 6-21.2 cannot form the statutory basis to award Plaintiffs attorney's fees."); In re Vogler Realty, Inc., 365 N.C. 389, 396, 722 S.E.2d 459, 464 (2012) ("[S]ection 6-21.2 governs only attorney's fees for the creditor's attorney.); F.D.I.C. v.

Cashion, Civil Action No. 1:11cv72, 2012 WL 1098619 (W.D.N.C. Apr. 2, 2012), aff'd, 720 F.3d 169 (4th Cir. 2013) ("Section 6-21.2 of the North Carolina General Statutes allows for an award of attorneys' fees in actions to enforce obligations owed under a promissory note that itself provides for the payment of attorneys' fees." (emphasis added)). These cases accord with the overarching goal of N.C. Gen. Stat. § 6-21.2. See Trull v. Cent. Carolina Bank & Trust, 124 N.C. App. 486, 491, 478 S.E.2d 39, 42 (1996) aff'd in part, review dismissed in part, 347 N.C. 262, 490 S.E.2d 238 (1997) ("[T]he purpose of G.S. 6-21.2 is to allow the debtor a last chance to pay his outstanding balance and avoid litigation, not to reward the prevailing party with the reimbursement of his costs in prosecuting or defending the action."). Here, on these facts, Plaintiff as well as the debt recovered fall outside the scope of N.C. Gen. Stat. § 6-21.2, and, therefore, this section does not form a statutory basis for Plaintiff's attorneys' fees claim on the facts presently before this court.

Furthermore, the statute provides that contractual provisions awarding attorneys' fees are enforceable only if the "note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity . . . ." N.C. Gen. Stat. § 6-21.2 (emphasis added). Use of the term

"maturity" suggests a contractual due date. See Webster's New College Dictionary (3rd ed. 2008) ("2a. The time at which an obligation, as a note or bond, is due."); Black's Law Dictionary (9th ed. 2009) (defining "date of maturity" as "[t]he date when a debt falls due, such as a debt on a promissory note or bond"). This court generally agrees with Defendant that "[b]y definition, debt 'matures' when a party defaults by missing a [scheduled] payment." (Doc. 61 at 9 (citing Kindred of N. Carolina, Inc. v. Bond, 160 N.C. App. 90, 104-05, 584 S.E.2d 846, 855 (2003)).

Here, no maturity date existed for the disputed payments made by Plaintiff. The duty to repay the amounts paid under protest arose only after entry of this court's order, rather than pursuant to a contractual maturity date. Therefore, without a maturity date or default, these disputed lease payments are not, by definition, collected after maturity as N.C. Gen. Stat. § 6-21.2 requires. Although the lease was used to determine the amount of the monthly payments under protest, it was the oral and written terms imposed by Plaintiff and accepted by Defendant to resolve Defendant's threats of litigation that controlled the payments after the dispute arose. See infra Section III.C.

B. **Statutory Authorization**

i. **Outstanding Balance**

Section 6-21.2 authorizes attorneys' fees as a percentage of the "outstanding balance." The outstanding balance is defined as "the principal and interest owing at the time suit is instituted to enforce any security agreement securing payment of the debt and/or to collect said debt." N.C. Gen. Stat. § 6-21.2(3).

Here, Plaintiff, as a lessee, owed Defendant no principal or interest at the time the suit was filed. Moreover, the suit was for declaratory relief, not to collect or enforce a security agreement. As a result, the "outstanding balance" owed pursuant to the lease agreement is zero. A zero outstanding balance results in a statutory allowance of zero. This court therefore concludes that no attorneys' fees are awardable under the lease agreement.

While this result may ultimately seem counterintuitive, it stems from the disjunction between Plaintiff's position as lessee and the intended beneficiaries of Section 6-21.2. North Carolina's public policy counsels against awarding attorneys' fees unless expressly authorized by statute. See State Wholesale Supply, Inc. v. Allen, 30 N.C. App. 272, 276, 227 S.E.2d 120, 123 (1976)("The jurisprudence of North Carolina

traditionally has frowned upon contractual obligations for attorney's fees as part of the costs of an action."). "Even in the face of a carefully drafted contractual provision indemnifying a party for such attorneys' fees as may be necessitated by a successful action on the contract itself, our courts have consistently refused to sustain such an award absent statutory authority therefor." Stillwell, 300 N.C. at 289, 266 S.E.2d at 814-15. Section 6-21.2 marks one such statutory authorization, however, Plaintiff appears to fall outside those parties the statute was crafted to safeguard on these particular facts. As a result of the particular facts of this case, Section 6-21.2 does not appear to contemplate or permit attorneys' fees recovery in the case of a declaratory judgment action where the required lease payments have been made.

### ii. Fifteen Percent – Ceiling or Mandatory?

As noted above, Section 6-21.2 does make valid or enforceable an award of attorneys' fees as called for under the present lease agreement. Section 6-21.2 further provides:

> (1) If such note, conditional sale contract or other evidence of indebtedness provides for attorneys' fees in some specific percentage of the "outstanding balance" as herein defined, such provision and obligation shall be valid and enforceable up to but not in excess of fifteen percent (15%) of said "outstanding balance" owing on said note, contract or other evidence of indebtedness.

>     (2) If such note, conditional sale contract or
> other evidence of indebtedness provides for the
> payment of reasonable attorneys' fees by the debtor,
> without specifying any specific percentage, such
> provision shall be construed to mean fifteen percent
> (15%) of the "outstanding balance" owing on said note,
> contract or other evidence of indebtedness.

N.C. Gen. Stat. § 6-21.2(1) & (2).

Section 44(k) of the lease agreement does not specify a specific percentage of attorneys' fees, and, therefore, subsection (2) applies. The parties dispute whether the fifteen percent of the "outstanding balance" should be construed as a mandatory award or whether it is a permissive award with a maximum amount (ceiling) of 15%. (Compare Plaintiff's brief (Pl.'s Supplemental Mem. Regarding Attorneys' Fees ("Pl.'s Br.") (Doc. 62) at 1 ("Subsection (2) mandates an award of attorneys' fees in the amount of 15% of the outstanding balance, irrespective of the fees actually incurred.") with Defendant's brief (Def.'s Br. in Resp. Regarding Attorneys' Fees ("Def.'s Br.") (Doc. 61) at 2 ("[I]n cases where attorneys' fees are expressly permitted under N.C. Gen. Stat. § 6-21.2(2), North Carolina courts have the judicial discretion under recent case law to award attorneys' fees less than 15% of the "outstanding balance" owed by the debtor.").) However, under either interpretation of the statute, there is no "outstanding balance"

due under the current leasing agreement.  Therefore, this court does not find it necessary to resolve this dispute.

C. **Contractual Authorization**

Notwithstanding the statutory analysis above, this court further finds that the contractual relationship between the parties does not support an award of attorneys' fees.  As discussed in greater detail below, although there is money due from Defendant to Plaintiff resulting from a secondary agreement between the parties, there is no attorneys' fees provision in that agreement, and, therefore, attorneys' fees are not awardable as to that claim.  In other words, this court finds that the recovery of funds due in this case occurs not as a result of the lease agreement, but rather as a result of what this court construes to be a separate agreement settling, in part, claims that were threatened by Defendant prior to this or related litigation.

The lease does not have a provision which addresses in any fashion the payment of amounts under protest as described in the Complaint.  Furthermore, no evidence has been submitted which supports a finding as to the specific terms of any payments under protest except as described above and contained in the Complaint and the attached letter incorporated by reference. This court construes the second claim for relief as a claim

under a separate agreement, one arising from the terms of a partial settlement. As described above, Plaintiff made these lease payments in an effort to forestall the legal action threatened by Defendant. (Compl. (Doc. 1) ¶ 38 ("Based on [Defendant's] improper demands and threats of legal action, Monsanto has paid ARE-108 Base Rent in amounts that ARE-108 claims are owing under the Phase 1B Lease.").) By virtue of accepting those disputed lease payments and not pursuing the threatened legal action, whatever that action could have been, it also appears Defendant accepted those terms. See, e.g., Erskine v. Chevrolet Motors Co., 185 N.C. 479, 489, 117 S.E. 706, 710 (1923)("[W]here one makes a promise conditioned upon the doing of an act by another, and the latter does that act, the contract is not void for want of mutuality, and the promisor is liable though the promisee did not at the time of the promise engage to do the act; for upon performance of the condition by the promisee, the contract becomes clothed with a valid consideration, which relates back and renders the promise obligatory.").

With respect to whether or not the recovery of these payments under protest arises under the original lease and therefore subject to the attorneys' fees provisions, this court finds EAC Credit Corp. v. Wilson instructive. 281 N.C. 140, 187

S.E.2d 752 (1972).  In a case involving a promissory note with an attorneys' fees provision and a related guaranty contract which did not contain a separate attorneys' fees provision, the North Carolina Supreme Court held that "[t]he rights of the plaintiff as against the guarantors, defendants herein, arise out of the guaranty contract and must be based on that contract."  EAC, 281 N.C. at 145, 187 S.E.2d at 755.  The Supreme Court held that "G.S. [§] 6-21.2 does not authorize collection of attorneys' fees in this action. The guaranty contract sued upon does not so provide. Guaranty of payment alone does not render the guarantors liable for attorneys' fees which the principal debtor, by the terms of the note, is bound to pay."  Id. at 146-47, 187 S.E.2d at 756.

EAC is distinguishable on its facts.  Nevertheless, this court finds that like the guaranty agreement in EAC, the outstanding balance arises from an agreement which is separate from the lease agreement.  Therefore, an award of attorneys' fees as to the monies paid under protest must be based upon that agreement and relatedly, statutory authorization.  Neither the

allegations in the Complaint nor the letter[2] indicate an attorneys' fees provision for that secondary agreement. The fact that the second cause of action is collateral to the lease dispute coupled with the fact that Plaintiff reserved all rights under the lease to recover attorneys' fees are not together sufficient to impose the lease agreement's attorneys' fees provision on the partial settlement agreement. Further, such provisions do not render recovery under the settlement agreement a recovery under the lease agreement. Therefore, this court finds that the dispute over the payments under protest arises from a separate contract that did not contain a provision for awarding attorneys' fees nor has Plaintiff identified any applicable statutory authority for such an award.

---

[2] It is a very close issue as to whether the language in the letter creates a separate attorneys' fees obligation as to the partial settlement agreement. (See Compl., Ex. 5 (Doc. 1-5) at 3 ("reserves, all rights it has under the Lease and applicable law to recover interest on Contested 1B Payments, attorneys' fees and costs . . . .").) That language may arguably be subject to differing interpretations. However, this court concludes the language in the letter is most reasonably read to reserve rights under an existing contract rather than adding an attorneys' fees provision to a new contract, that is, the settlement agreement. Even if the provision is ambiguous, this court reaches the same conclusion. When construing an ambiguous provision in a written instrument, "the court is to construe the ambiguity against the drafter – the party responsible for choosing the questionable language." Novacare Orthotics & Prosthetics East, Inc. v. Speelman, 137 N.C. App. 471, 476, 528 S.E.2d 918, 921 (2000).

D. **Notice Requirement**

In response to this court's order for supplemental briefing on the issue of attorneys' fees, Defendant contended for the first time that Plaintiff failed to serve notice as required under N.C. Gen. Stat. § 6-21.2(5). (Def.'s Br. (Doc. 61) at 11.) Plaintiff responded that its Complaint "did not merely seek attorneys' fees, it gave notice to [Defendant] that it could avoid the obligation to pay fees by paying the outstanding balance in a timely fashion." (Pl.'s Br. (Doc. 62) at 12 n.5.) This court does not find it necessary to reach this issue because of the other grounds upon which attorneys' fees are denied.

IV. **CONCLUSION**

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's request for attorneys' fees is **DENIED**.

This the 23rd day of June, 2014.

_____
United States District Judge